# Douglass *against* The Commonwealth.

In an indictment under the act of 1794, for concealing the birth of a bastard child, it is fatal, that it does not distinctly aver the death of the child.

ERROR to the quarter sessions of *Venango* county.

This was an indictment against Martha Douglass, under the act of the 22d of April 1794, which contained three counts, upon the first two of which the prisoner was acquitted, and upon the third she was convicted. The question argued here was upon the sufficiency of this count.

" And the grand inquest aforesaid, upon their oaths and affirmations aforesaid, do further present, that the said Martha Douglass, late of Venango county, single woman, on the aforesaid third day of August, in the year of our Lord one thousand eight hundred and thirty nine, at the county aforesaid, being big with a female child, did then and there, alone and in secret, bring forth the body of her, the said Martha Douglass, the said female child, which said female child, so born as aforesaid, was, by the laws of this commonmonwealth, then and there a bastard, and that afterwards, to wit, the same-day and year aforesaid, at the county aforesaid, she, the said Martha Douglass, did endeavour privately to conceal the death of the said female bastard child, issue of her body, so that it might not come to light, whether the said female bastard child was born dead or alive, or whether the said female bastard child was murdered or not, contrary to the form of the act of assembly in such cases made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

A motion was made in arrest of judgment, because,

1. The indictment does not aver that the child was born alive.

2. It sets out no indictable offence, it not being indictable to conceal the birth or death of a dead born child.

3 The offence is not described according to the act of assembly.

The court below overruled the motion, and entered judgment on the verdict.

*Snowdon* and *Pearson*, for plaintiff in error, cited *Stubbs C. C.* 180; 2 *Serg. & Rawle* 40; *Russ. on Crimes* 448; *Rosco's Crim. Ev.* 295; 3 *Penn. Rep.* 142; *Arch. Pl.* 340.

*Dunlop, contra,* cited 1 *Chit. Crim. Law* 250; *Arch. Pl.* 56; 7 *Barn. & Ald.* 462.

[Douglass v. The Commonwealth.]

The opinion of the Court was delivered by

ROGERS, J.—Upon a prosecution, under the act of the 22d of April 1794, for concealing the birth of a child, the prosecutor must prove the birth of the child, its death, an endeavour to conceal its birth, and that if born alive it would be a bastard. These are material facts, and must be directly averred, for nothing can be taken by intendment, or by way of recital, to supply the want of certainty in an indictment. 2 *Hawk.* ch. 25, sect. 60; 1 *Salk.* 371. An indictment under the 43 Geo. 3, ch. 38, for endeavouring to conceal the birth of a child, must show that the child was dead. The same principle is ruled in Bowles v. The Commonwealth, 2 *Serg. & Rawle* 46, and also that an averment, by way of recital, is bad. But here there is no direct averment of the death of the child, nor is its death noticed, except in the averment of the concealment of its death: "that the said Martha Douglass did endeavour privately to conceal the death of the said *female bastard child.*"

In Perkins's case, it is ruled that, whether the child be dead before or after its birth, need not be proved. This was under the statute of Geo. 3, and in this respect it differs from the 21 James 1. *Rosco on Ev.* 295; Com. v. M'Kee, *Addis. R.* 1. And under our statute, whether the child be born dead or alive, would seem to be immaterial. The concealment of the birth and death of a child, which, if born alive, would be a bastard, so that it may not come to light, whether it was born dead or alive, and whether it was murdered or not, constitutes the offence.

Judgment reversed.